### In re WINDSOR TRUST CO.

(Supreme Court, Appellate Division, First Department. February 10, 1911.)

1. REFERENCE (§ 58*)—PROCEEDINGS BEFORE REFEREE—AMENDMENTS TO PETITION—POWER TO ALLOW.

On the reference of a petition by a testamentary trustee for leave to mortgage the trust property and to permit its improvement to conform to the tenement house law (Consol. Laws, c. 61), the referee could not allow an amendment to the petition so as to admit evidence as to the advisibility of other improvements.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 89, 90; Dec. Dig. § 58.*]

2. REFERENCE (§ 58*)—PLEADING AND PROOF—VARIANCE.

Under a petition by a testamentary trustee for leave to mortgage the trust property in order to enable the trustee to make certain improvements on the buildings so as to conform to the tenement house law (Consol. Laws, c. 61), evidence was not admissible that certain other improvements, as the addition of wash tubs, would add to the rental value of the property.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 58.*]

3. TRUSTS (§ 206*)—MANAGEMENT OF PROPERTY—MORTGAGING.

Petitioner, a testamentary trustee, petitioned for leave to mortgage trust property consisting of tenement houses to raise money to make repairs to conform to the tenement house law (Consol. Laws, c. 61), and to add a stationary wash tub in each apartment. It appeared that the property would not sell to advantage without such improvement and that the rental value would be considerably increased thereby. *Held* that, as the improvements were permanent and chargeable to the principal of the trust estate, the trustee would be authorized to mortgage the premises to make such improvements.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 283–292; Dec. Dig. § 206.*]

Appeal from Special Term, New York County.

In the matter of the application of the Windsor Trust Company, appointed as trustee to execute the unexecuted trust created by the last will and testament of Jacob Weeks Cornwell, deceased, for leave to mortgage the trust property, etc. From an order authorizing the mortgage with notice of intention to review an order authorizing the filing of a supplemental affidavit in support of the motion for leave to mortgage and an order denying motion to dismiss the application, Mortimer Van Cott, Jr., and others, appeal. Order denying motion to dismiss affirmed, and order permitting the mortgage affirmed as modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Arthur M. Johnson, for appellants.

John N. Drake, for respondent Windsor Trust Co.

LAUGHLIN, J. On the 21st day of February, 1910, the Windsor Trust Company, which on the 31st day of July, 1908, had been appointed trustee to execute the unexecuted trusts under the will of Jacob Weeks Cornwell, deceased, presented a petition to the Special Term for leave to mortgage the trust property, which consists of four parcels of real estate, being Nos. 313–315 Bowery and 5 and 7 Extra Place in the borough of Manhattan, New York, for the sum of $14,-000, to make improvements thereon necessitated by notice of violations of the tenement house law (Consol. Laws, c. 61) duly given by the tenement house department. The matter was referred to a referee to take proof of the facts and to report to the court with his opinion. There is an old tenement house on each parcel of land, the ground floor of which is used as a store, and the upper floors are used as separate apartments consisting of from two to three rooms on each floor which rent for about $3 each per month. The testator by his will directed his executors to collect and receive the income during the life of his wife and to expend such part thereof "as they may deem necessary to keep the said premises in good order and repair and properly insured against loss or damage by fire, and after also paying out of the rents and income all such other charges and expenses as shall be proper, and all taxes, water rates and assessments on the said premises," to pay an annuity of $1,000 and the surplus to his widow during her life, and provided that after the death of the annuitant, which has occurred, his wife should receive all the surplus rents and income. The widow of the testator is still living. The gross income from the premises is about $12,000 per annum, but the net income is scarcely adequate to properly support and maintain the life tenant.

On the hearing before the referee, it was shown on behalf of the remaindermen that all of the alleged violations of which notice had been given by the tenement house department, with the exception of three, had been abandoned before the commencement of the proceeding. The evidence shows, and the referee found, that it will require the expenditure of only $850 to make the improvements required to conform the buildings to the requirements of the law with respect to the three notices which remained in force. An expert called by the petitioner, however, expressed the opinion that other improvements than those required by the tenement house department should be made to put the buildings in a condition to command a proper rental and their real market value. He was then permitted to testify, over the objection and exception duly taken by the attorney for the remaindermen on the ground that the evidence was not within the issues tendered by the petition, to the other improvements to which he referred, and he testified, in substance, that the apartments would be more desirable and attractive to tenants if a stationary double

wash tub were installed in each apartment, the total cost of which for all the apartments would be from $3,750 to $4,100, and that this would increase the rental value of the rooms from $1 to $1.50 per room, and the market value considerably more than the amount of the expenditure required.

It was not within the province of the referee to allow an amendment to the petition, and, strictly speaking, he was not authorized to receive this evidence. Were it not for the fact that it would entail additional expenses on the estate, we might well deny the application on the ground that it was made without full knowledge of the material facts; but we are convinced that it is for the best interests of those interested in the estate that these improvements be made, for they will increase both the rental and the market value of the premises. They are, with the exception of a very small amount which is more than offset by income used for the benefit of principal, structural, permanent improvements, and are properly chargeable to the principal of the estate. The evidence shows that the premises would not sell to advantage at the present time. We think, therefore, that these improvements should be authorized. This requires that money be raised by mortgage; but we think that the expenditures of the proceeding, recommended by the referee and which have been allowed by the Special Term, are unduly large, in view of the amount of principal which it becomes necessary to use for permanent improvements, and of the services performed. The maximum amount that will be required for making the improvements, as shown by the evidence, is $4,950.

The motion to dismiss the petition was properly denied, and leave to file the supplemental affidavit was not prejudicial. We are of opinion that a mortgage for $6,000 should suffice, and that the order should be modified so as to authorize a mortgage for that amount only. It should also be modified by reducing the allowance to the attorneys for the petitioner to $300, and for referee's fees to $200, but permitting the provisions making an allowance for expert witnesses and providing that the other necessary disbursements be taxed to stand, and as thus modified the order should be affirmed, without costs to either party. The disbursements on this appeal may also be likewise taxed, and the amount thereof, together with the other allowances and disbursements hereby authorized, may be deducted from the proceeds of the mortgage, and the surplus of said proceeds, if any, after making such payments and said disbursements, be held and accounted for by the trustee as principal. All concur.